MARTÍNEZ ARIAS & CO., INC., Plaintiff and Appellant, *v.* FLOR RIVERA, Defendant and Appellee.

No. 34. Decided October 5, 1962.

*Martín Avilés Bracero* for appellant. *Ángel M. Ciordia* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The facts which the San Juan Part of the District Court of Puerto Rico found proved are as follows: "1—The plaintiff is a corporation duly organized and created under the laws of the Commonwealth of Puerto Rico prevailing on September 18, 1954; 2—Defendant was and is the owner of a commercial establishment situated in 71 Betances Street, Vega Baja, Puerto Rico, existing thus on September 18, 1954; 3—Prior to September 18, 1954 defendant left his business temporarily, leaving his son Angel Rafael Rivera who was 19 years of age in charge of the business; 4—On September 18, 1954, Sebastián Flores Ramos, plaintiff's sales agent, came personally to defendant's establishment (and) the minor Angel Rafael Rivera, who was attending to his father's business, placed an order of merchandise for the sum of $1,363.50. The order was made in the name of Angel Rivera, formerly Flor Rivera; 5—Said merchandise was sent by plaintiff to defendant's establishment on September 22, 1954 through Valencia Baxt Express Inc. and received that same day in said establishment by minor Angel Rafael Rivera; 6—The amount of $144 was paid on November 29, 1954 for which plaintiff made out a receipt in favor of Angel Rafael Rivera (and) $100 were paid on December 21, 1954 for which a similar receipt was made out; 7—The transactions that plaintiff made with the minor Angel Rafael Rivera was [*sic*] carried out regarding defendant as responsible therefor."

Applying the proper legal provisions to the facts proved, the trial court made the following conclusions of law: (1) The son being an unemancipated minor, could not act as his father's agent nor give the necessary consent to the sales transaction; (2) By the same token, he did not have legal capacity to engage habitually in commerce, nor power to discharge any office or have any intervention in his father's business.

■■ 1—It is difficult to conceive this case as one entirely restricted to the provisions of mercantile agency, or in default of enjoying the status of a party, as herein alleged, to an implied or perhaps express civil agency, even though verbal, pursuant to § 1601 of the Civil Code of Puerto Rico (1930). The truth is that in the case of a business temporarily entrusted to a minor son during the absence of the father, the separation of personality presupposed by the agency is not produced—since it has been established by the *Partida 5ª* (Law II Tit. V) that a contract between father and son can not exist because both "according to nature and to law" are considered as one person—but rather an atypical form of imperfect agency governed by the general principles of law for which the principal will be responsible not only because the agent is not personally bound by the acts which he carries out in the name of his principal, but because in cases of agents under the familiar potestas, the principal would always be personally liable to a third person for any unjust enrichment. IV–II PUIG PEÑA, *Derecho Civil* 560–561; *Revista Derecho Privado* (1951 ed.).

■ 2—As to the capacity of the minor to engage in commerce we do not believe that the facts in this case warrant us to consider this son of 19 years of age as attempting to engage in commerce, as his own individual work, with full personal liability. The fact of entrusting to a minor son the state of his father is not so unusual in Civil Law as it seems, if we remember the typical case of profectitious

property, § 156 of the Civil Code of Puerto Rico (1930). Furthermore, our own personal experiences as American people, compel us to depart somewhat from the strict interpretation of the formal prohibitions to engage in commerce. See, by analogy, the case of a married woman doing business without authorization from her husband: *Silva* v. *District Court*, 57 P.R.R. 712, 714, 716 (Travieso, 1940).

For the reasons stated the judgment rendered by the Superior Court of Puerto Rico, San Juan Part, on October 19, 1959, affirming judgment of April 15, 1959 rendered by the District Court of Puerto Rico, Second Part of San Juan will be reversed and the case remanded to the respondent court in order that the latter may return the case to the court of origin to enter judgment in favor of appellant.